# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ELOISA TREVINO § | |
| § | |
| v. § | |
| § | Case No. 2:21-cv-0367-RSP |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION | |

## MEMORANDUM RULING

On April 12, 2021, Administrative Law Judge Kelly Matthews issued a decision finding that Petitioner Eloisa Trevino was not disabled within the meaning of the Social Security Act at any time from September 1, 2017, through the date last insured, March 31, 2018. Ms. Trevino, who was 43 with a high school education at that time, was found to be suffering from severe impairments consisting of fibromyalgia, bilateral shoulder bursitis, lumbar and cervical degenerative disc disease, cervical lesion, major depressive disorder, anxiety, obsessive compulsive disorder, personality disorder, and attention deficit hyperactivity disorder. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least September 1, 2017. Before that time, she had worked as an administrative assistant.

After reviewing the medical records and receiving the testimony at the January 6, 2021 telephone hearing where Petitioner was represented by her counsel, Brooks Huse, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform medium work, as defined in the Social Security Regulations, except that she can understand, carry out and remember detailed but not complex instructions.

1

Considering Petitioner's RFC, the ALJ relied upon the testimony of Vocational Expert Rosalind Y. Lloyd and found that Petitioner had the residual functional capacity to perform her past work as an administrative assistant. This resulted in a finding of no disability. Petitioner appealed this finding to the Appeals Council, which denied review on July 22, 2021. Petitioner timely filed this action for judicial review seeking remand of the case for "*de novo* hearing with a different ALJ and a new decision."

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises two issues on this appeal:

1. The ALJ's mental RFC determination is not supported by substantial evidence as the ALJ essentially used the same analysis to reach essentially the same conclusions that were previously rejected by the Appeals Council, thereby frustrating the intent of the remand Order;

> 2. The ALJ's finding that Plaintiff's combination of mental impairments did not equal a listing is not supported by substantial evidence, as the ALJ improperly rejected the opinion of the medical expert, Dr. Cohen.

*Issue No. 1*:

Petitioner's argument on this issue arises from the fact that this ALJ had issued an earlier finding, on November 29, 2019, after an earlier hearing.  Tr. 131.  In that decision, she found that "As for adapting or managing oneself, the claimant has experienced a moderate limitation."  Tr. 135.  She then proceeded to find, as she did more recently, that Petitioner was capable of her past work as an administrative assistant.  Tr. 138.  Petitioner appealed that earlier decision and the Appeals Council remanded to the ALJ, finding that Petitioner's past work required frequent changes of tasks without loss of efficiency, and that "functional limitations in adapting and managing oneself could impact the claimant's ability to perform this work."  Therefore, the Council found that "Further consideration is necessary."  Tr. 147.  In effect, the Appeals Council found an inconsistency that had not been adequately explained between the "moderate" limitation in "adapting and managing oneself" and the ability to perform the job of administrative assistant.

On remand, the ALJ addressed the inconsistency by finding that Petitioner had only a "mild" limitation in adapting or managing oneself.  Tr. 21.  Whereas in the earlier decision no explanation had been provided for this category, in the current decision she provided the following explanation:

> "As for adapting or managing oneself, the claimant had experienced a mild limitation. The claimant remains able to tend to her personal hygiene and attire, she manages symptoms of her impairments by taking medications as instructed, and there is no evidence she has been unable to manage situations or conflicts.  (Hearing record, Exhibits B4E, B8E, B2F, B9F, B12F, B13F)."  Tr. 21

3

Petitioner argues in Brief that the ALJ violated the remand instructions of the Appeals Council. However, the Appeals Council affirmed the more recent decision. Tr. 1. As the Commissioner well supports in Brief, the real question for this Court is not whether the current decision is consistent with the earlier decision, it is whether the current decision is supported by substantial evidence. As Petitioner points out, state agency medical consultant, Dr. Leela Reddy, M.D., found from her review of the records on May 21, 2018 that Petitioner had a "moderate" limitation in adapting and managing oneself. Tr. 76 On reconsideration, Dr. Matthew Turner, Ph.D., also found that she had a "moderate" limitation in that field. Tr. 96. However, it bears noting that both of these consultants determined that Petitioner was not disabled. Dr. Cohen, who will be discussed further below, testified at the hearing that Petitioner had a "moderate" impairment in adapting and managing herself:

> "And adapting and managing herself: she has low frustration tolerance, has a great deal of problems modulating her affect. She has problems even going to public bathrooms for – because of her phobias. Her husband does the shopping for her, her husband – because of her fears. Her husband maintains the household and does most of the household chores. She is able to – she does, obviously, she showers, and she does laundry, but that's mainly because of her phobias and because to keep clean. So I'm going to call this moderately impaired." Tr. 47

Petitioner argues in Brief that the consultative psychological examiner, Dr. Sharon Swanson, Psy.D., "did not provide an assessment of Plaintiff's mental functioning capacity." It is true that Dr. Swanson did not expressly address "adapting and managing oneself," however she did make extensive findings about her mental functioning. Tr. 634-640. The ALJ discussed Dr. Swanson's report (identified as Exhibit B9F) at pages 6-7 of her decision and cited it specifically for her findings on "adapting or managing oneself," *supra*. Dr. Swanson noted that Petitioner manages her showering, dressing and laundry, and that her reported OCD nature did not prevent

her from touching the door handles and using the public restroom at Dr. Swanson's office. Petitioner was noted to be a good communicator with an easy rapport who responded in a coherent and appropriate fashion. Dr. Swanson determined that Petitioner "has a fair prognosis of succeeding at employment" and that, with medication and therapy, "she would be able to consistently control her obsessiveness and anxiety to be able to work." Tr. 639-640.

The ALJ also relied upon the reports of Petitioner's treating psychiatrist, Dr. Daniel Koppersmith, M.D., who noted on February 14, 2018 that her concentration and attention were impaired but her mental status was otherwise normal, and that her problems were each either controlled or improving. Tr. 571. In his April 10, 2018 report, as noted by the ALJ (Tr. 21), Dr. Koppersmith found that all of her "ongoing problems" were "controlled." Tr. 668.

It is undoubted that the records of Drs. Reddy, Turner and Cohen support Petitioner's argument that she has a "moderate" limitation in adapting and managing oneself. However, the law is clear that weighing competing medical evidence is the province of the ALJ, and the findings of Drs. Swanson and Koppersmith satisfy the low standard for substantial evidence supporting the ALJ's determination that Petitioner's limitation was merely "mild."

*Issue No. 2*:

This issue addresses a different but related question as to whether substantial evidence supports the ALJ's determination that "claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." Tr. 19.

The Social Security Administration has developed a lengthy list of impairments that it considers serious enough to prevent a person from performing any gainful activity. This Listing of Impairments ("Listings") appears at 20 C.F.R. Part 404, Subpart P, Appendix 1. When a

5

claimant's impairments match an impairment on the list, the claimant is automatically entitled to disability benefits. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 889 (1990). The criteria for the Listings are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). As the Supreme Court has noted, "for a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan*, *supra* at 891 (emphasis in original).

The ALJ found that Petitioner did not meet the requirements for Listing 12.04 (depressive, bipolar and related disorders), Listing 12.06 (anxiety and obsessive compulsive disorders), Listing 12.08 (personality and impulse control disorders), and Listing 12.11 (neurodevelopmental disorders). Tr. 20. Petitioner does not focus on evidence to show that Petitioner carried her burden to show that she met a Listing. Instead, Petitioner addresses whether the ALJ had an adequate basis to discredit the opinion of Dr. Cohen addressed above.

Dr. Cohen testified at the hearing that Petitioner met the Paragraph C criteria, which are an alternative to meeting Paragraphs A or B. Paragraph C requires that the mental disorder be "serious and persistent" with a medically documented history over a period of at least 2 years. There must be evidence of both: (1) reliance, on an ongoing basis, upon medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s), to diminish the symptoms and signs of the mental disorder, and (2) only marginal adjustment, that is, a minimal capacity to adapt to changes in environment or to demands that are not already part of daily life.

The ALJ relied primarily on two bases for discrediting Dr. Cohen's opinion. First, that it was inconsistent with the other opinions discussed above, and second, that it relied heavily on

6

records from outside the relevant time period. The inconsistency issue is discussed above. The time period issue arises from the fact that Petitioner had to allege an onset date no earlier than September 1, 2017 because she had been denied benefits on earlier applications covering any earlier period. The relevant time period ended on March 31, 2018 because her eligibility for Social Security Disability Insurance benefits expired on that date. Thus, even though her application was not filed until December 2017, and her hearing wasn't held until January 2021, Petitioner had the burden to prove that her disability existed no later than March 2018. It is indisputable that a number of the records that Dr. Cohen referred to in his testimony were dated after March 2018.

The Court has reviewed Dr. Cohen's testimony at the hearing. It does not appear that he ever saw the Petitioner, or that he ever rendered any written report. His testimony at the hearing was scattershot and conclusory. The Court easily concludes that the ALJ was entitled to weigh that testimony less heavily than the records of Dr. Swanson, who examined Petitioner and rendered a comprehensive report, and Dr. Koppersmith, who was her treating psychiatrist. The is especially the case when considering the inherently discretionary nature of Paragraph C of relevant Listings.

*Conclusion:*

Having found that the ALJ's decision is supported by substantial evidence in the record, the decision is AFFIRMED and this action is DISMISSED.

**SIGNED this 31st day of March, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE